## A. M. Johnson v. Jacob B. Wise.

1. Chattel Mortgages—*What Are Not Household Goods.*—The words "necessary household goods," in the act of June 5, 1889, concerning chattel mortgages, do not include a piano, unless the same is used as a means of earning a livelihood.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

Elmer E. Beach and M. Slusser, attorneys for appellant.

As to the meaning of the words, "necessary household goods," as used in Section 1 of Chattel Mortgage Act, approved June 5, 1889, see Montague v. Richardson et al., 24 Conn. 338; Hitchcock v. Holmes, 43 Conn. 528; Davlin v. Stone, 4 Cush. 359; Am. & Eng. En. Law, Vol. 16, p. 369 (notes).

Whether a particular article is embraced within the term "necessary household goods," is a question of law for the court. Davlin v. Stone, 4 Cush. 361; Hitchcock v. Holmes, 43 Conn. 530; Am. & Eng. En. Law, Vol. 16, p. 369, with notes; McHair v. People, 89 Ill. 443.

F. W. Jaros, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

An act of June 5, 1889, concerning chattel mortgages, provides that " no chattel mortgage on the necessary household goods　＊　＊　＊　shall be foreclosed, except in a court of record."

The appellee bought a piano—probably in 1882—for the children to play on. He could not play on it. In 1892 he mortgaged it. The case does not show that in 1892 he had any children, nor that anybody ever played upon the instrument.

The piano was taken from him, without process of law, under the mortgage, and he sued and recovered a verdict of $235, but a *remittitur* brought the amount down to $150, for which he had judgment. The court refused to instruct the jury, at the instance of the appellant, that the words, " necessary household goods," do not include a piano, unless the same is used as a means of earning a livelihood.

Applied to this case, that instruction ought to have been given.

What necessity can a man have for a piano that is not used?

There is a great deal more in the case, which on this appeal, need not be considered.

The judgment is reversed and the cause remanded.

Shepard, P. J., dissents.